## COMMONWEALTH vs. CHARLES G. WALLACE.

A complaint made by "Samuel W. Richardson, city marshal of Cambridge," signed "S. W. Richardson," and certified by the magistrate to whom it is addressed, to have been "received and sworn to before said court," sufficiently shows that it was signed and sworn to by the complainant.

COMPLAINT to the justice of the police court of Cambridge, wherein " Samuel W. Richardson, city marshal of Cambridge in the county of Middlesex, on behalf of the Commonwealth of Massachusetts, on oath complains " that the defendant sold intoxicating liquor in violation of *St.* 1855, *c.* 215, § 15. The complaint bore the signature of " S. W. Richardson," under which was this certificate, signed by said justice : " Received and sworn to this twenty-fourth day of April in the year of our Lord one thousand eight hundred and fifty six. Before said court."

The defendant being convicted before said court, and, on appeal in the court of common pleas, moved in arrest of judgment at October term 1857, because the " complaint is not signed and sworn to according to law," and because " the person signing and the person swearing to said complaint are not one and the same, but different persons." *Bishop,* J. overruled the motion, and the defendant alleged exceptions.

*N. St. J. Green,* for the defendant. A complaint must be signed by the complainant before it can be the foundation of any criminal proceeding. Rev. Sts. *c.* 135, § 2. This complaint is not so signed. The complainant and the person who signed the complaint are not connected by the jurat. There is no legal presumption that S. W. Richardson, without further description, is the same person as Samuel W. Richardson, city marshal of Cambridge. There is no legal presumption that the letter S. is an abbreviation of Samuel rather than of Stephen, or of any other name, male or female, commencing with the same initial letter. The letter S. is a name by itself. A single consonant is a good Christian name. *The Queen* v. *Dale,* 17 Ad. & El. N. R. 64. *Lomax* v. *Landells,* 6 C. B. 577. *Common-*

wealth v. *Perkins*, 1 Pick. 388. *Commonwealth* v. *Hall*, 3 Pick. 262. *Commonwealth* v. *Shearman*, 11 Cush. 546. In *Commonwealth* v. *Quin*, 5 Gray, 481, no reasons are given why a complaint signed as this is should be held sufficient.

*S. H. Phillips*, (Attorney General,) for the Commonwealth, cited *Commonwealth* v. *Quin*, 5 Gray, 478 ; *Jackson* v. *Gumaer*, 2 Cow. 560.

SHAW, C. J. We perceive no weight in this objection. The complaint, including the full name and the addition of the complaint and the signature, is one entire document. It is addressed to the justice of the police court of Cambridge ; it is officially certified by the same justice that it was " received and sworn to," that is, sworn to by the same person from whom it was received. The jurat or certificate of the justice is equivalent to an averment by him that the signature and oath were those of the complainant, as named in the introduction; and could not have been truly made if the fact were otherwise.

*Exceptions overruled.*